Allen C. HUMPHREY, Jr.,
Plaintiff/Appellee,

v.

DAVID WITHERSPOON, INC., and
Travelers Insurance Company,
Defendants/Appellants.

Supreme Court of Tennessee,
at Knoxville.

July 27, 1987.

Arthur G. Seymour, Jr., Knoxville, for defendants/appellants.

W. Clark Meredith, Oak Ridge, for plaintiff/appellee.

## OPINION

HARBISON, Justice.

The employer and its insurance carrier have appealed from an award of workers' compensation benefits to appellee based upon an admittedly compensable accident which he sustained on September 24, 1985. The employer raises four issues, some of which in our opinion require further consideration by the trial court. Under these circumstances a motion made on behalf of appellee to tax appellants with costs for a frivolous appeal is denied.

Since the accident occurred after July 1, 1985, the scope of review in this Court on issues of fact is

"... *de novo* upon the record of the trial court, accompanied by a presumption of the correctness of the finding, unless the preponderance of the evidence is otherwise." T.C.A. § 50–6–225(e).

This standard of review differs from that previously provided and requires this Court to weigh in more depth factual findings and conclusions of trial judges in workers' compensation cases. Where the trial judge has seen and heard witnesses, especially where issues of credibility and weight of oral testimony are involved, on review considerable deference must still be accorded to those circumstances. In the present case, however, some of the issues involve expert medical testimony. All of the medical proof was taken by deposition or was documentary, so that all impressions of weight and credibility must be drawn from

the contents thereof, and not from the appearance of witnesses on oral testimony at trial.

Appellee was approximately thirty-seven years of age at the time of trial and was a high school graduate. He had taken two years of technical training following high school and had had several other courses in technical or vocational subjects. Most of his work career had been in unskilled or manual labor. He was considerably overweight but had no prior history of back injury or other serious health problems.

At the time of his accident in September 1985 appellee was a truck driver for David Witherspoon, Inc., which dealt in scrap metal. The vehicle which appellee was driving when he was injured was similar to a garbage "dumpster", except that the metal container which could be attached or detached from the truck was designed to accommodate scrap metal. While disengaging a heavy container of this type, appellee sustained an admittedly compensable injury to his back. The "pan" or container slipped as it was being raised, causing appellee's truck to vibrate sharply. Apparently the front of the truck came off the ground and appellee sustained a rather severe jolt.

He saw several physicians during the next month. On October 25, 1985, he came under the care of Dr. Dennis Coughlin, an orthopedic specialist. Dr. Coughlin and his associates continued to see and treat appellee through January 1986. During that time he received fourteen treatments by physical therapists. He was thoroughly x-rayed and examined, but Dr. Coughlin was unable to find any objective evidence of any type of serious injury to the low back or to the vertebral discs. He diagnosed appellee as suffering from a low back or lumbar strain.

On November 15, 1985, Dr. Coughlin released appellee to return to work, and apparently appellee did so for several weeks. At the end of January Dr. Coughlin was again of the opinion that appellee could return to work and that he had sustained no permanent partial disability as a result of the September 1985 accident.

This view was shared by a number of other orthopedic specialists who examined appellee in the months between September 1985 and March 1986. Correspondence and hospital records containing reports from these physicians were admitted as a group exhibit.

In his brief, counsel for appellee questions the admissibility of a number of these documents and reports. The record, however, is as follows:

"MR. SEYMOUR: I have these medical reports of Morris, McNeeley and Fardon. Mr. Meredith: I don't have any objection, Your Honor."

Accordingly the attempt of counsel for appellee to object to these records and reports on appeal is not well taken. They were admitted into evidence without objection or qualification, and certainly, in addition to the deposition of Dr. Coughlin, must be given consideration.[1]

Several of the physicians felt that appellee probably had some sort of psychological overlay or emotional reaction to his injury, because none of them could find any objective medical basis for his continued complaints. All felt that he had sustained a lumbar strain or sprain, but nothing more, and that this should clear without any permanent impairment. Appellee was examined in all by seven medical doctors, not all of whom testified or gave a report. All of those who did express opinions, however, found no evidence of permanent partial disability.

In April 1986, still contending that he was unable to return to work and that he was suffering from severe back pain, appellee consulted two chiropractors, one of whom treated him only briefly. The other, Frank Gossman, a young chiropractor who had been practicing in Tennessee for only a few days when he was first contacted by

---

1. Upon retrial, appellee may raise objections to these records if desired, but appellants would then be entitled to depose the physicians and subpoena the medical records. Both sides to this appeal have sought to raise issues not presented or litigated in the trial court, and this Court will not consider them upon this record.

appellee, treated him during May, June and July, 1986. He expressed the opinion that appellee did sustain some permanent partial disability to the body as a whole as a result of his accident, and he rated this at ten percent.

The trial judge found from all the proof that appellee had sustained twenty percent permanent partial disability to the body as a whole as the result of the September 1985 accident, and he awarded benefits accordingly. The trial judge also awarded temporary total disability benefits from the date of the accident, September 24, 1985, through June 10, 1986, together with all medical and hospital expenses not previously paid, including those of the chiropractor.

■ The award of temporary total disability benefits appears to be inaccurate. Appellee's own testimony was that he worked for several weeks between November 1985 and February 1986. Obviously he is not entitled to an award of temporary total disability benefits during the period of time when he was working and drawing his salary. It should be an easy matter for the parties to agree upon those weeks during which appellee was paid his wages, but if they are unable to stipulate this, the trial judge should hold a hearing and determine the question, because certainly payroll records must exist so that this award can be accurately determined. The temporary total disability award is therefore vacated and the matter is remanded to the trial court for reconsideration. The date of termination of the temporary total disability award, June 10, 1986, finds support in the testimony of the chiropractor, but that testimony must also be reevaluated and reconsidered for reasons hereinafter stated.

As an abstract proposition, this Court might find it difficult to sustain a conclusion that the testimony of a single chiropractor outweighed that of several highly qualified orthopedic specialists. We need not make that determination at the present time, however, because the testimony of the chiropractor did not conform to statutory requirements relevant to such testimony at the time of the accident involved here.

■ By 1985 Tenn.Pub.Acts, ch. 393, § 3, T.C.A. § 50–6–204(d)(3), was amended by adding the following provision:

"To provide uniformity and fairness for all parties, any medical report prepared by a physician furnishing medical treatment to a claimant shall use the American Medical Association Guides to the Evaluation of Permanent Impairment (American Medical Association 1977), or subsequent editions, the most recent edition to be that utilized in determining the degree of anatomical impairment. A practitioner shall be required to give an impairment rating based on the AMA guide." [2]

The testimony of the chiropractor in this case did not conform to the statutory requirements. Dr. Gossman testified that he based the disability rating upon a reprint of the AMA guide bearing a copyright date of 1971. The record is silent as to whether there was any difference between that guide and the one referred to in the statute, or as to whether there have been subsequent editions since 1977 to which the chiropractor should have made reference.

On the face of the record, therefore, error was committed in the admission of the testimony of the chiropractor with respect to permanent partial disability. While this may not affect the remainder of his testimony as to the termination date of the temporary total disability award, nevertheless his entire testimony should be reevaluated by the trial judge upon a subsequent hearing at which appellee shall be given an opportunity to take a further deposition of the chiropractor or to produce his testimony orally. The issue as to whether or not the 1971 guide to which he made reference was or was not still the appropriate one to use in this case under the foregoing statute must be developed. Unless appellee produces further testimony on the point, the testimony of the chiropractor should be

2. By 1986 Tenn.Pub.Acts, ch. 792, § 1, these provisions were broadened to permit use of an additional guide published by the American Academy of Orthopedic Surgeons.

stricken insofar as it bears upon the issue of permanent partial disability.

Upon retrial either party should be permitted to introduce any further expert testimony desired, together with any other lay testimony which may be relevant to the degree and extent of the injuries sustained by appellee.

 Appellants have requested the Court to go further and to hold that the testimony of chiropractors is not admissible under the foregoing statute, and that only persons licensed as medical doctors should be permitted to give expert testimony under its terms. We do not so interpret the legislative intent. Chiropractors have long been held competent to testify as experts in this state within the limited scope of their licensure. *See Smith v. Hale,* 528 S.W.2d 543, 545 (Tenn.1975); *Tom Still Transfer Company, Inc. v. Way,* 482 S.W.2d 775, 778 (Tenn.1972); *Ward v. North American Rayon Corp.,* 211 Tenn. 535, 545, 366 S.W.2d 134, 139 (1963).

We do not believe that the legislature intended in enacting the statute above quoted to modify these decisions or to exclude chiropractic testimony provided that the witness used the appropriate guide in making an evaluation and provided that the testimony was within the scope of his expertise and licensure.[3]

The same is true with respect to the issue raised by appellant as to expenses incurred for chiropractic treatment. Appellant insists that these should not be considered "medical expenses" under current statutes. We do not find this contention to be well taken. Appellant relies upon an unreported decision of this Court in 1962 in which the Court did disallow chiropractic expenses, but we do not regard this opinion as authoritative or as correct under the current law. In our opinion if the trial judge finds chiropractic expenses to be reasonable and necessary, these may be properly allowed as medical expenses.

Little question was made at the trial as to whether the employee was justified in seeking chiropractic treatment without consent of the employer after having been treated by several orthopedic and other medical specialists. The issue has been suggested on appeal. However it was not litigated at trial, and on this record we do not deem it appropriate for review. Upon retrial the issue may be considered if appellants desire to pursue it.

The judgment of the trial court is reversed and the cause is remanded for a new trial. Costs incident to this appeal will be taxed one-half to appellants and one-half to appellee. All other costs will be assessed by the trial court.

BROCK, C.J., and FONES, COOPER and DROWOTA, JJ., concur.

---

**3.** T.C.A. § 50–6–204(a)(4) expressly permits the inclusion of doctors of chiropractic in the list of "physicians or surgeons" to be designated by the employer and utilized by the employee. This statute was in effect at the date of appellee's injury. *See* 1984 Tenn.Pub.Acts, ch. 782, § 1. In our opinion it was not repealed or affected by the later statutes referred to above.