# IN THE COURT OF APPEALS OF TENNESSEE,
## AT JACKSON

FILED

April 13, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

JANICE P. LESLIE,            )     Shelby County Circuit Court

       )     No. 72654 T.D.

   Plaintiff/Appellant.      )

       )     App. No. 02A01-9807-CV-00179

VS.                  )

       )     HON. ROBERT L. CHILDERS, JUDGE

CHARLES H. CALDWELL and    )

PATRICIA J. CALDWELL,      )     **AFFIRMED AND REMANDED**

       )

   Defendants/Appellees.     )

       )     OPINION FILED:

**Fred M. Ridolphi, Jr.,**
HUMPHREYS, DUNLAP, WELLFORD, ACUFF & STATON, Memphis, Tennessee
For Plaintiff/Appellant.

**Joe W. Darden,** Memphis, Tennessee, for Defendants/Appellees Charles H. Caldwell and
Patricia J. Caldwell.

---

## MEMORANDUM OPINION[1]

---

## FARMER, J.

Plaintiff Janice P. Leslie appeals the trial court's judgment denying her claim for

misrepresentation against Defendants/Appellees Charles H. and Patricia J. Caldwell and awarding

the Caldwells the sum of $82,147 on their counterclaim against Leslie, plus attorney's fees in the

amount of $6100. We affirm the trial court's judgment based upon our conclusion that the evidence

does not preponderate against the trial court's findings of fact.

In March 1995, Leslie purchased a house from the Caldwells for the price of $92,000.

Leslie made a down payment of $20,000. She executed a promissory note in favor of the Caldwells

for the remaining $72,000 of the purchase price, plus interest at the rate of seven percent (7%). The

---

[1]**Rule 10 (Court of Appeals).** **Memorandum Opinion**. -- (b) The Court, with
concurrence of all judges participating in the case, may affirm, reverse or modify the actions of
the trial court by memorandum opinion when a formal opinion would have no precedential value.
When a case is decided by memorandum opinion it shall be designated "MEMORANDUM
OPINION," shall not be published, and shall not be cited or relied on for any reason in a
subsequent unrelated case.

1

promissory note, which was secured by a deed of trust on the property, required Leslie to make monthly payments to the Caldwells in the amount of $479.02 until March 1, 1996, at which time Leslie was required to pay the balance of the principal, plus interest.

In connection with the sale, the Caldwells signed a disclosure form indicating that they were not aware of any significant defects in the home. Shortly after moving into the house in May 1995, however, Leslie noticed mold and mildew growing on the ceilings of the house. Leslie also observed water dripping from light fixtures and down the insides of the windows. During the summer of 1995, Leslie hired two engineers to inspect the house and to advise her as to the best way to remedy the moisture problem inside the house. The engineers testified that the roof of the house was improperly ventilated. One of the engineers also testified that water was seeping into the basement area through the exterior brick wall, and he blamed the seepage primarily on poor drainage and grading around the foundation wall of the house. Leslie spent a substantial sum of money trying to remedy these problems.

In September 1995, Leslie filed a complaint against the Caldwells in which she alleged that the Caldwells had misrepresented and/or failed to disclose the true condition of the home.[2] The Caldwells answered the complaint and filed a counter-complaint against Leslie seeking to collect on the promissory note.

At trial, the engineers hired by Leslie testified that the home was permeated with mold and mildew. They observed mildew stains on the home's ceilings and walls, as well as on Leslie's personal belongings. In their respective opinions, the mold and mildew problems were so pervasive that they must have existed prior to the Caldwells' sale of the home to Leslie in March 1995. Moreover, one of the engineers opined that the mold and mildew problems definitely would have been noticeable to the Caldwells prior to the sale of the home. The engineers testified that mold and mildew could be hidden by paint but that, over a period of months, the problems again would

---

[2]Leslie also sued the various realtors who were involved in the transaction and the home inspector who inspected the house prior to the March 1995 sale; however, these defendants subsequently were dismissed from the lawsuit and are not parties to this appeal.

become noticeable.

The Caldwells flatly denied experiencing any mold or mildew problems in their home prior to the March 1995 sale. Their testimony was corroborated by other defense witnesses, including the home inspector who performed the inspection for Leslie prior to her purchase of the house. Charles Caldwell testified that he and his wife purchased the home in May 1968. Caldwell repeatedly testified that he never observed any mold or mildew problems during the Caldwells' ownership of the house. Caldwell acknowledged that he repainted the interior of the house in 1991, and again in 1994 prior to listing it for sale, but he denied painting over any mold or mildew stains. Caldwell also acknowledged that, in about 1985, he had a problem with water leaking into the home's basement. Caldwell insisted that he remedied this problem, however, by recontouring the dirt in front of the house and by installing oversized gutters and pipes to divert the water from the foundation of the house. After 1985, Caldwell did not experience any more problems with water leaking into the house. Caldwell blamed Leslie's problems with the house on certain modifications which she had made after the purchase, such as removing shrubbery from the front of the house and moving one of the diverter pipes.

At the trial's conclusion, the trial court entered a judgment in favor of the Caldwells. In orally announcing his decision from the bench, the trial judge found that Leslie had failed to carry her burden of proving that the mold and mildew problems existed prior to the March 1995 sale of the house. Accordingly, the trial judge found that the proof failed "to indicate that there was any misrepresentation, either intentional or negligent, on the part of the [Caldwells]." The trial court's judgment ordered Leslie to pay to the Caldwells the balance due on the promissory note, plus interest and attorney's fees.

On appeal, Leslie contends that the trial court erred in finding that she failed to carry her burden of proving her claim against the Caldwells. Leslie acknowledges that this is a fact-driven case and that this court's review is governed by rule 13(d) of the Tennessee Rules of Appellate Procedure. Rule 13(d) provides that, in civil actions, the appellate court's review of the trial court's findings of fact "shall be *de novo* upon the record of the trial court, accompanied by a presumption

3

of the correctness of the finding, unless the preponderance of the evidence is otherwise." *Hass v. Knighton*, 676 S.W.2d 554, 555 (Tenn. 1984) (quoting T.R.A.P. 13(d)). Under this standard, when a conflict in testimony requires the trial court to make a determination regarding the credibility of a witness or witnesses, such a determination is "binding on the appellate court unless from other real evidence the appellate court is compelled to conclude to the contrary." *Hudson v. Capps*, 651 S.W.2d 243, 246 (Tenn. App. 1983). Unless the evidence preponderates against the trial court's findings, this court must affirm, absent an error of law. *Dailey v. Bateman*, 937 S.W.2d 927, 930 (Tenn. App. 1996).

Applying this standard, we conclude that we must affirm the trial court's judgment in favor of the Caldwells. We agree that Leslie, through both lay and expert testimony, presented strong circumstantial evidence that the mold and mildew problems in the house preexisted the March 1995 sale of the house and, further, that the Caldwells either knew or should have known of these problems. Nevertheless, the Caldwells testified unequivocally that such mold or mildew problems did not exist during their ownership of the house, and their witnesses corroborated this testimony. The trial court resolved this conflict in testimony in favor of the Caldwells. Although the trial court instead could have accepted Leslie's version of events, the court was not required to do so, and our review of the evidence does not compel us to reach a contrary conclusion.

As our supreme court has reminded us,

> Where the trial judge has seen and heard witnesses, especially where issues of credibility and weight of oral testimony are involved, on review considerable deference must still be accorded to those circumstances. *Humphrey v. David Witherspoon, Inc.*, 734 S.W.2d 315 (Tenn. 1987). Where the issue for decision depends on the determination of the credibility of witnesses, the trial court is the best judge of the credibility and its findings of credibility are entitled to great weight. This is true because the trial court alone has the opportunity to observe the appearance and the demeanor of the witnesses. *Royal Insurance Co. v. Alliance Insurance Co.*, 690 S.W.2d 541, 543 (Tenn. App. 1985).

*Tenn-Tex Properties v. Brownell-Electro, Inc.*, 778 S.W.2d 423, 425-26 (Tenn. 1989).

4

The trial court's judgment is affirmed, and this cause is remanded for further proceedings. Costs of this appeal are taxed to Leslie, for which execution may issue if necessary.

_____
FARMER, J.

_____
CRAWFORD, P.J., W.S. (Concurs)

_____
HIGHERS, J. (Concurs)