FILED

November 20, 2014

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time: 7:08 AM



# COURT OF WORKERS' COMPENSATION CLAIMS
## DIVISION OF WORKERS' COMPENSATION

**EMPLOYEE:** Robert Lindsey Reno

**EMPLOYER:** Xtreme Concrete
Pumping, Inc.

**CARRIER:** Builders Mut. Ins. Co.

**DOCKET #:** 2014-01-0013
**STATE FILE #:** 60650-2014
**DATE OF INJURY:** July 28, 2014

## EXPEDITED HEARING ORDER FOR TEMPORARY PARTIAL DISABILITY BENEFITS

THIS CAUSE came before the undersigned Workers' Compensation Judge upon the Request for Expedited Hearing filed by Robert Lindsey Reno (Employee). On October 29, 2014, Employee filed a Request for Expedited Hearing with the Tennessee Court of Workers' Compensation Claims, Division of Workers' Compensation, pursuant to Tennessee Code Annotated section 50-6-239(d), to determine if the provision of temporary disability benefits is appropriate.

A telephonic Expedited Hearing was conducted by the undersigned Workers' Compensation Judge on November 6, 2014. Employee was represented by Michael Wagner and Xtreme Concrete Pumping, Inc. (Employer) was represented by Jenny Ebersole-Foster. Considering the positions of the parties, the applicable law, the evidence introduced at the hearing, and the entire record in this claim, this Court hereby finds that Employee is entitled to temporary partial disability benefits for a portion of the period during which he requested said benefits.

## ANALYSIS

### Issue

Whether Employee performed work after the date of his compensable injury which disqualifies him from receiving temporary partial disability benefits.

### Evidence Submitted

The following witnesses testified:

1

- Employee; and
- Allen Hixson, Employer's owner.

The following exhibits were admitted into evidence by stipulation:

- Exhibit 1—First Report of Injury;
- Exhibit 2—Wage Statement;
- Exhibit 3—Choice of Physician form designating Dr. Todd Bonvallet as authorized treating physician; and
- Exhibit 4—Medical Records of Spine Surgery Associates/Dr. Todd Bonvallet and Fast Access Healthcare, P.L.L.C. (6 pages).

The parties stipulated that the July 28, 2014 work injury arose primarily out of and in the course and scope of his employment by Employer.

The Court designated the following as the technical record in this claim:

- Petition for Benefit Determination filed September 23, 2014;
- Dispute Certification Notice filed October 29, 2014;
- Employee's Request for Expedited Hearing filed October 29, 2014;
- Employee's Request for Initial Hearing filed October 29, 2014; and
- Position statement of Employer dated October 7, 2014.

The Court did not consider attachments to the above filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in the above filings as allegations unless established by the evidence.

## History of Claim

Employee is employed as a truck driver and concrete worker for Employer. On July 28, 2014, Employee injured his back when he bent over to lift a bucket of concrete slurry from the bed of Employer's truck. Employer stipulates that Employee sustained a compensable injury to his back on July 28, 2014.

Employee received authorized treatment from Fast Access Healthcare (Fast Track), a walk-in clinic, and orthopedic surgeon Dr. Todd Bonvallet. On August 28, 2014, a Physician's Assistant (PA) at Fast Access placed restrictions on Employee's activities. Dr. Bonvallet later continued the same restrictions. Other than providing light duty work for a total of two (2) or three (3) hours, Employer has not offered light duty work which accommodates the restrictions.

Employer refuses to pay temporary disability benefits because it alleges Employee performed landscaping work after he sustained the compensable injury of July 28, 2014. Employee filed a Petition for Benefit Determination seeking temporary partial disability benefits back to the date of injury.

## Employee's Contentions

Employee contends that, since the date of injury, his injury has disabled him from performing physical labor, including the usual work he performed for Employer. He additionally submits that, except for a single occasion of offering him light duty work for a total of two or three hours, Employer has not offered work which accommodates the restrictions placed on his activities by authorized physicians. Employee testified that, since he was injured on July 28, 2014, he has not worked for other employers nor has he earned income in a self-employed capacity. Employee denies that he performed a landscaping job for an individual named Robert Hodson. Employee contends that he is entitled to temporary partial disability benefits from July 28, 2014, until he either returns to work or attains maximum medical improvement from his work injury.

Employee contends the wages itemized on the Wage Statement (Exhibit 2) do not represent an accurate statement of the wages Employer paid him during his tenure of employment. Someone wrote on the Wage Statement stipulated into evidence that Employer paid Employee net wages totaling $10,022.71. The Court assumed the statement was intended as Employee's allegation in support of his challenge of the information employer provided in the Wage Statement.

## Employer's Contentions

Employer contends Employee performed landscaping work for Robert Hodson after the date he was injured. Employer argues that, since Employee is physically able to perform landscaping work, he is not disabled to an extent which entitles him to an award of temporary partial disability benefits under the Tennessee Workers' Compensation Act.

## Findings of Fact and Conclusions of Law

### Standard Applied

When determining whether to award benefits, a workers' compensation judge must decide whether, based on the evidence introduced at the Expedited Hearing, the moving party is likely to succeed on the merits at the Compensation Hearing. *See generally, McCall v. Nat'l Health Care Corp.*, 100 S.W. 3d 209, 214 (Tenn. 2003). In a workers' compensation action, Employee shall bear the burden of proving each and every element of the claim by a preponderance of the evidence. Tenn. Code Ann. § 50-6-239(c)(6).

### Factual Findings

Upon consideration of the testimony of witnesses, the exhibits introduced by the parties, the argument of the attorneys for the parties, and the entire record in this claim, the Court makes the following factual findings:

- Employee injured his back on July 28, 2014, while lifting a bucket of concrete

slurry in the course and scope of his employment with Employer;

- Other than working two or three hours for which he was paid $25 by Employer, Employee has not worked nor earned income from any source since the work injury of July 28, 2014;
- Since August 28, 2014, the authorized treating providers have restricted Employee's activities due to his work injury; and
- Employee's average weekly wage is $363.48, resulting in a compensation rate of $242.32 per week.

### *Application of Law to Facts*

Tenn. Code Annotated section 50-6-207(2) provides that an injured worker is entitled to an award of temporary partial disability benefits during the time period in which he is able to resume some gainful employment in a disabled condition, but has not reached maximum recovery. The compensation rate for temporary partial disability is sixty-six and two-thirds percent (66 2/3%) of the difference between the wage of the worker at the time of the injury and the wage that the worker is able to earn in his partially disabled condition. Under Tennessee law, a prima facie case of entitlement to temporary disability benefits is made when an employee proves: (1) that he is disabled by a compensable injury; (2) that there is a causal connection between the injury and his inability to work; and (3) the duration of the period of disability. *Simpson v. Satterfield*, 564 S.W.2d 953, 955 (Tenn. 1978).

Employee testified that, other than working two (2) or three (3) hours on a single occasion when Employer offered him light duty, he has not worked nor been physically capable of working since the July 28, 2014 work injury. Employee denied performing landscaping work for Robert Hodson. He testified that Mr. Hodson hired his girlfriend, Kathy, to perform a landscaping job. Employee testified that he accompanied his girlfriend on a single occasion when she performed stone work at Mr. Hodson's home. He testified that, on this occasion, he sat either in a chair or in his car and, other than providing instruction, did nothing in furtherance of the landscaping work. Employee specifically denied lifting any stone.

Employer's owner, Allen Hixson, testified that, on an occasion prior to July 28, 2014, Employee told him Mr. Hodson had inquired into the possibility of Employee building a rock wall at Mr. Hodson's residence. Mr. Hixson stated Employee told him that he intended to look into the project and it was his understanding that Employee built the wall. He asserted he went to Mr. Hodson's residence to look at the wall. Mr. Hixson testified that Employee was not at Mr. Hodson's residence when he looked at the wall. He further admitted that he never observed Employee working at Mr. Hodson's residence.

Employee and Mr. Hixson were the only witnesses who testified. Mr. Hixson's testimony that he did not see Employee perform the work at Mr. Hodson's residence, but understood he did so, is insufficient to rebut Employee's testimony that he did not perform the work in question. No evidence was presented that diminished Employee's credibility. The stipulated medical records support Employee's testimony that his work-related spine injury limits his capacity to perform work. The same records contain histories of injury which

4

corroborate the testimony Employee gave at the hearing. Based on the above-described testimony and the medical records admitted into evidence, the Court finds at this time that, other than on the single occasion when Employer paid him $25 for light duty work, Employee is likely to prevail in his assertion that he has neither performed work nor earned income since he was injured in the course and scope of his employment on July 28, 2014. *See McCall v. Nat'l Health Care Corp., supra.*

The stipulated medical records indicate that, on August 28, 2014, the PA at Fast Access placed Employee on restrictions of no lifting, pushing or pulling greater than fifteen (15) pounds and no bending or squatting. Employer later authorized orthopedic surgeon, Dr. Todd Bonvallet, to treat Employee. In his New Patient Consult note of September 8, 2014, Dr. Bonvallet, with the benefit of an MRI, diagnosed Employee with moderate spondylosis and a small central disk protrusion at the L4-5 level of the spine. Dr. Bonvallet recommended that Employee "continue previous light duty restrictions if available." When the above-described evidence is combined with Employee's testimony, the Court is persuaded at this time that Employee is likely to prevail in his position that he is entitled to an award of temporary partial disability benefits beginning August 28, 2014. *See McCall v. Nat'l Health Care Corp., supra.*

The Court is mindful that Employee is seeking temporary partial disability benefits back to July 28, 2014, the date of injury. Under Tennessee law, the injured worker must prove each and every element of his case. Tenn. Code Ann. § 50-6-239(c)(6); *Humphrey v. David Witherspoon, Inc.,* 734 S. W. 2d 315 (Tenn. 1987). The stipulated medical records contain no evidence that limitations were placed on Employee's activities prior to August 28, 2014. At this time, there is no medical evidence before the Court establishing that Employee's activities were restricted, or that he was otherwise disabled by his work injury, from the date of injury until August 28, 2014. Accordingly, the Court finds at this time that Employee's period of temporary partial disability began August 29, 2014 and will continue until he returns to work; is released to return to work without restrictions; or attains maximum medical improvement from the subject work injury.

The Court is aware that Employee challenges the average weekly wage documented in the Wage Statement (Exhibit 2). However, no evidence was introduced at the Expedited Hearing which rebutted the accuracy of the wages documented in the Wage Statement. Accordingly, the Court finds that Employee's average weekly wage is $363.48 and his compensation rate is $242.32 per week. Employee testified that Employer paid him $25 for light duty work on an unspecified date. If Employer paid the above amount after August 28, 2014, Employee is entitled to temporary partial disability benefits in the amount of $225.66 for the week in which the wages were paid.

**IT IS, THEREFORE, ORDERED** as follows:

1. Temporary partial disability benefits shall be paid by Employer or its workers compensation carrier at the rate of $242.32 per week based on Employee's average weekly wage of $363.48.

2. Employer or its workers' Compensation carrier shall pay Employee past due temporary partial disability benefits in the amount of $2,907.84 for the period from August 28, 2014 to November 19, 2014, a total of twelve (12) weeks. If the week in which Employer paid Employee $25 occurred in the above-described time period, Employer shall pay Employee $2,891.18 in past due temporary partial disability benefits.

3. Employer or its workers' compensation insurance carrier shall continue to pay to Employee temporary partial disability benefits in regular intervals until Employee is no longer eligible for those benefits by reaching maximum medical improvement; by returning to work; or by release without restrictions by the authorized treating physician. Employer's representative shall notify the Division, Employee and Employee's counsel, if any, in writing immediately by filing Form C-26 of Employer's intent to terminate temporary disability benefits, citing the basis for the termination.

4. This matter is set for Initial Hearing on December 2, 2014, at 1:00 p.m. Eastern Standard Time.

5. **Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven (7) business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Division by email to WCCompliance.Program@tn.gov no later than the seventh (7th) business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.**

6. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov or by calling (615) 253-1471 or (615) 532-1309.

Initial Hearing:

An Initial Hearing has been set with Judge Thomas Wyatt, Court of Workers Compensation Claims, on December 2, 2014, at 1:00 p .m. Eastern Standard Time. You must call 615-741-2051 or toll free at 855-747-1721 to participate in the Initial Hearing.

Please Note: You must call in on the scheduled date and time to participate. Failure to call in may result in a determination of the issues without your further participation. All conferences are set using Eastern Time (ET).

ISSUED AND FILED WITH THE COURT OF WORKERS' COMPENSATION CLAIMS ON THE 20TH DAY OF NOVEMBER, 2014.

Judge Thomas Wyatt
Tennessee Court of Workers'
Compensation Claims
540 McCallie Avenue, Suite 600
Chattanooga, TN 37402

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal".

2. File the completed form with the Court Clerk *within seven (7) business days* of the date the Expedited Hearing Order was entered by the Workers' Compensation Judge.

3. Serve a copy of the Request for Appeal upon the opposing party.

4. The parties, having the responsibility of ensuring a complete record on appeal, may request from the Court Clerk the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten (10) calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a statement of the evidence within ten (10) calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must be approved by the Judge before the record is submitted to the Clerk of the Appeals Board.

5. If the appellant elects to file a position statement in support of the interlocutory appeal, the appealing party shall file such position statement with the Court Clerk within three (3) business days of the filing of the Expedited Hearing Notice of Appeal, specifying the issues presented for review and including any argument in support thereof. If the appellee elects to file a response in opposition to the interlocutory appeal, appellee shall do so within three (3) business days of the filing of the appellant's position statement.

7

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 20th day of November, 2014.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|------|----------------|------------------|---------|------------|-----------|---------------|
| Michael Wagner, Atty. | | | | | X | maw@wagnerinjury.com |
| Jenny Ebersole-Foster, Atty. | | | | | X | Jebersole-foster@morganakins.com |

**Thomas Wyatt**
**Workers' Compensation Judge**