

FILED

November 24, 2014

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time: 7:48 AM

## COURT OF WORKERS' COMPENSATION CLAIMS
## DIVISION OF WORKERS' COMPENSATION

**EMPLOYEE: Tracy Payne**

**EMPLOYER: D and D Electric**

**CARRIER: The Hartford Ins. Co.**

**DOCKET #: 2014-01-0023**
**STATE FILE #: 60880-2014**
**DATE OF INJURY: August 1, 2014**

### EXPEDITED HEARING ORDER FOR MEDICAL BENEFITS

THIS CAUSE came before the undersigned Workers' Compensation Judge upon the Request for Expedited Hearing filed by Tracy Payne (Employee). On October 21, 2014, Employee filed a Request for Expedited Hearing with the Tennessee Court of Workers' Compensation Claims, Division of Workers' Compensation, pursuant to Tennessee Code Annotated section 50-6-239(d), to determine if the provision of medical and temporary disability benefits is appropriate. The initial Request for Expedited Hearing requested a records review. On October 23, 2014, Employee filed a second Request for Expedited Hearing in which he requested a telephone hearing.

A telephonic Expedited Hearing was conducted by the undersigned Workers' Compensation Judge on November 14, 2014. Employee participated without counsel. D and D Electric (Employer) was represented by Blair Cannon. Considering the positions of the parties, the applicable law, the evidence introduced at the hearing, and the entire record, this Court hereby finds Employee is entitled to medical benefits, but that he is not entitled to temporary disability benefits.

### ANALYSIS

#### Issues

1. Whether Employee timely reported to Employer that he sustained an injury which arose primarily out of and in the course and scope of employment.

2. Whether Employee is entitled to medical benefits.

3. Whether Employee is entitled to temporary disability benefits.

1

## Evidence Submitted

Employee was the only witness who testified. No documentary evidence was submitted.

The Court designated the following as the technical record:
- Petition for Benefit Determination filed October 1, 2014;
- Dispute Certification Notice filed October 21, 2014;
- Request for Expedited Hearing filed October 21, 2014; and
- Request for Expedited Hearing filed October 23, 2014.

The Court did not consider attachments to the above filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in the above filings as allegations unless established by the evidence.

## History of Claim

Employee was an electrician for Employer. He broke his foot while walking from his workplace to his truck on August 1, 2014. He further claims that he has suffered a worsening of diabetes and heart conditions because of his broken foot. Employee has not worked since the date of the alleged injury. Employee gave Employer's owner, Brent Davidson, timely verbal notice of his foot injury.

Employer has not paid benefits because it contends Employee has not proven by a preponderance of the evidence that he is entitled to benefits under the Tennessee Workers' compensation Act. Employee filed a Petition for Benefit Determination seeking medical and temporary disability benefits.

## Employee's Contentions

Employee contends he broke his foot while walking to his truck from his assigned workplace. He claims he first sought treatment of his injury later that evening. Employee asserts he has undergone surgery to repair the broken foot and, because the foot will not heal properly, he has been unable to work since August 1, 2014. Employee also claims he has suffered a worsening of diabetes and heart conditions because of his broken foot. Employee seeks medical and temporary disability benefits.

## Employer's Contentions

Employer contends Employee has not proven by a preponderance of the evidence that he is entitled to benefits under the Tennessee Workers' Compensation Act.

## Findings of Fact and Conclusions of Law

### *Standard Applied*

When determining whether to award benefits, a workers' compensation judge must decide whether, based on the evidence introduced at the Expedited Hearing, the moving party is likely to succeed on the merits at the Compensation Hearing. *See generally, McCall v. Nat'l Health Care Corp.,* 100 S.W. 3d 209, 214 (Tenn. 2003). In a workers' compensation action, Employee shall bear the burden of proving each and every element of the claim by a preponderance of the evidence. Tenn. Code Ann. § 50-6-239(c)(6).

### *Factual Findings*

Upon consideration of Employee's testimony and the entire record in this claim, the Court makes the following factual findings:

- Employee timely reported to Employer's owner, Brent Davidson, that he broke his foot on August 1, 2014 while in the course and scope of his employment with Employer; and
- Employee has presented no medical evidence which establishes he is disabled from working as a result of his alleged broken foot.

### *Application of Law to Facts*

### *Medical Benefits*

Employee seeks medical benefits for his injury. The Tennessee Workers' Compensation Act imposes concurrent rights and obligations on an employer and an employee in connection with the medical benefits to which an employee is entitled. Tennessee Code Annotated section 50-6-204(a)(1)(A) (2014) requires that "the employer or employer's agent shall furnish, free of charge to the employee, such [treatment] made reasonably necessary by [a work-related] accident." Tennessee Code Annotated section 50-6-204(a)(4)(A) requires that "the employee shall accept the medical benefits afforded under this section." Tennessee Code Annotated sections 50-6-204(a)(4)(A) through (E) require that an injured employee submit himself for treatment by a physician selected from a panel composed of physicians compiled by the employer.

In *Buchanan v. Mission Ins. Co.,* 713 S. W. 2d 654 (Tenn. 1986), the Tennessee Supreme Court held that an injured employee's duty to give notice is concomitant with an employer's duty to provide reasonable and necessary medical care. Accordingly, when Employee gave Employer timely notice that he sustained an injury in the course and scope of his employment, it was Employer's statutory obligation to provide Employee a panel of physicians.

Tennessee Code Annotated section 50-6-201(a) (2014) requires that an injured worker give his employer notice of his work injury within thirty (30) days of the date the injury occurred. In this claim, Employee testified that, on the day after he was injured, he told

Employer's owner, Brent Davidson, that "his foot was hurting" and that he was running a fever. He further testified without objection that Mr. Davidson told him to go to the doctor.

The Dispute Certification Notice filed in this claim does not list adequacy of notice as an issue to be presented before the Court. Tennessee Code Annotated section 50-6-239(b) provides that: "unless permission has been granted by the assigned workers' compensation judge, only issues that have been certified by a workers' compensation mediator within a dispute certification notice may be presented to the workers' compensation judge for adjudication." On the basis of Employee's testimony and in consideration that failure of notice was not certified as an issue to be presented in this claim, the Court finds at this time that Employee will likely prevail in his contention that he gave Employer timely notice that he broke his foot in the course and scope of employment. *See McCall v. Nat'l Health Care Corp., supra.*

Employer's argument that, before it is obligated to provide medical benefits, Employee must establish the compensability of his claim through evidence is not supported by Tennessee law. When Employee gave Employer notice of his injury, Employer's obligation to offer a panel was concurrently invoked. See *Buchanan, supra.* Accordingly, the Court finds Employer must provide Employee a panel composed of physicians competent to treat Employee's broken foot from which Employee shall select an authorized treating physician.

*Temporary Disability Benefits*

Under Tennessee law, an injured worker must prove each and every element of his claim by a preponderance of the evidence.. Tenn. Code Ann. § 50-6-239(c)(6) (2014); *Humphrey v. David Witherspoon, Inc.,* 734 S. W. 2d 315 (Tenn. 1987). Except in the most obvious cases, an opinion of causation from a medical expert, combined with credible lay testimony, is required to establish that a claimed disability arose primarily out of and in the course and scope of employment. See, generally, *Tindall v. Waring Park Asso.,* 725 S. W. 2d 936 (Tenn. 1987).

Employee submitted no medical evidence in this claim. Accordingly the Court is unable to assess the nature and extent of Employee's claimed injury and whether he is disabled from working on account thereof. In his testimony, Employee stated that, since he broke his foot, he has suffered from a worsening of diabetes and heart conditions. Because this claim includes issues about whether Employer's diabetes and heart conditions are work-related and, if not, whether Employee's claimed disability is caused or contributed to by non-work-related conditions, this claim is not one of such obvious determination that medical expert testimony is not required. For that reason, the Court finds at this time that Employee has failed to prove by a preponderance of the evidence that his claimed disability is work-related.

**IT IS, THEREFORE, ORDERED** as follows:

1.    Medical care for Employee's injuries shall be paid by Employer or its workers' compensation carrier and said medical care in this claim shall be initiated by Employer providing Employee with a panel of physicians competent to treat a broken foot from which employee may select an authorized treating physician as required by Tennessee Code Annotated section 50-6-204. Medical bills shall be furnished to Employer or its workers' compensation carrier by

4

Employee or his medical providers.

2.     Employee is not entitled to an award of temporary disability benefits.

3.     This matter is set for Initial Hearing on December 5, 2014, at 9:00 a.m. Eastern Standard Time.

4.     **Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven (7) business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3).  The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Division by email to WCCompliance.Program@tn.gov no later than the seventh (7th) business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.**

5.     For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov or by calling (615) 253-1471 or (615) 532-1309.

Initial Hearing:

An Initial Hearing has been set with Judge Thomas Wyatt, Court of Workers Compensation Claims, on December 5, 2014, at 9:00 a.m. Eastern Standard Time. You must call 615-741-2051 or toll free at 855-747-1721 to participate in the Initial Hearing.

Please Note:  You must call in on the scheduled date and time to participate.  Failure to call in may result in a determination of the issues without your further participation. All conferences are set using Eastern Time (ET).

ISSUED AND FILED WITH THE COURT OF WORKERS' COMPENSATION CLAIMS ON THE 24TH DAY OF NOVEMBER, 2014.

Judge Thomas Wyatt
Tennessee Court of Workers'
Compensation Claims
540 McCallie Avenue, Suite 600
Chattanooga, TN 37402

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal".

2. File the completed form with the Court Clerk *within seven (7) business days* of the date the Expedited Hearing Order was entered by the Workers' Compensation Judge.

3. Serve a copy of the Request for Appeal upon the opposing party.

4. The parties, having the responsibility of ensuring a complete record on appeal, may request from the Court Clerk the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten (10) calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a statement of the evidence within ten (10) calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must be approved by the Judge before the record is submitted to the Clerk of the Appeals Board.

5. If the appellant elects to file a position statement in support of the interlocutory appeal, the appealing party shall file such position statement with the Court Clerk within three (3) business days of the filing of the Expedited Hearing Notice of Appeal, specifying the issues presented for review and including any argument in support thereof. If the appellee elects to file a response in opposition to the interlocutory appeal, appellee shall do so within three (3) business days of the filing of the appellant's position statement.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 24th day of November, 2014.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|------|----------------|------------------|---------|------------|-----------|---------------|
| Tracy Payne | | | | | X | tracypayne@bellsouth.net |
| Blair Cannon, Atty. | | | | | X | Blair.cannon@thehartford.com |

Thomas Wyatt
Workers' Compensation Judge

6