**STATE of Tennessee, Appellee,**

v.

**William Allen DODD, Appellant.**

Court of Criminal Appeals of Tennessee,
at Jackson.

Sept. 29, 1993.

D.D. Maddox, Huntingdon, for appellant.

Charles W. Burson, Atty. Gen. and Reporter, Rebecca L. Gundt, Asst. Atty. Gen., Crim. Justice Div., Nashville, Robert "Gus" Radford, Dist. Atty. Gen., 24th Judicial Dist., Huntingdon, for State of TN.

*OPINION*

WADE, Judge.

The defendant, William Allen Dodd, was indicted by the Henry County Grand Jury for incest. Thereafter, the defendant filed a motion to dismiss on the basis that the facts alleged did not establish an offense. The trial judge overruled the motion but granted an interlocutory appeal by permission under Tenn.R.App.P. 9.

■ The dispositive issue presented for review is whether the applicable statute proscribes sexual intercourse between this defendant and the daughter of his wife's half-sister. We find that it does not. The judgment is, therefore, reversed and the cause is dismissed.

The indictment alleges that the defendant was guilty of the sexual penetration of his niece. After the filing of the motion to dismiss, the trial court made specific findings of fact:

> The defendant filed affidavits by Mary Nell Wimberly and Angela Denise Foust, which affidavits show without controversy that the *alleged victim ... was in fact the daughter of Charlotte Hudgins, who is the half sister of the defendant's wife, Tammy Dodd.* All of such documents are accepted by the Court as proof in the case, and are uncontroverted by the state. The defendant further filed an affidavit ... by one Charlotte Tucker defining the rules of grammar involved in the interpretation of the statute ... that the word "natural" was in fact a modifying adjective of the word "niece" and that in the proper grammatical construction of the statute the words "natural" and "niece" are connected to the end that the prohibited conduct must be sexual intercourse with a "natural niece," ... the niece by consanguinity of the defendant and not a niece by affinity.

(Emphasis added).

Under Tenn.Code Ann. § 39–15–302, incest is defined without regard to legitimacy,

as the knowing sexual penetration of a person's "natural parent, child, grandparent, uncle, aunt, nephew, niece, stepparent, stepchild, adoptive parent, adoptive child; or . . . [t]he person's brother or sister of the whole or half-blood or by adoption." This statute was adopted in 1989 and was in effect at the time of this offense.

In an earlier case, our supreme court held that "the essence of the offense [of incest] is marriage [to] or sexual intercourse with a relative within the prohibited line of consanguinity." *Murray v. State*, 214 Tenn. 51, 377 S.W.2d 918 (1964). Consanguinity, of course, denotes a blood relationship. And, although the *Murray* decision made reference to the incest statute in effect in 1962, the state concedes that the principle announced is still valid. That is, society condemns a sexual relationship between blood relations by making the act a criminal offense.

Neither the old statute nor the one now in effect, however, is one of "pure consanguinity." Under our statute, incest may be committed, for example, with a stepparent or a stepchild, neither of whom are related by blood. Those are relationships of affinity. Traditionally, there has been a permissible extension of the statute prohibiting incest:

> The prohibition against intermarriage or carnal knowledge between persons related by consanguinity, *unless expressly extended by statute,* applies only to those related within the Levitical degrees or if certain relations are specified by the statute, only to such relations.

42 C.J.S., *Incest* § 4 at 59 (1991) (footnotes omitted). Yet it is the general rule that "[s]tatutes extending to relatives by affinity, or marriage, the prohibition of incest are strictly construed in favor of the defendant." 41 Am.Jur.2d *Incest* § 7 at 516 (1968).

Here, the relationship between the defendant and the alleged victim is one of affinity, not consanguinity. That is, the relationship exists only by virtue of the marriage of the defendant to the alleged victim's aunt. There is no kinship by blood.

By the use of the applicable authorities, it is, therefore, our view that the 1989 incest statute may not be extended by implication to affinity relationships not specifically enumerated. That proposition is buttressed by the general rule that new statutes change pre-existing law only to the extent expressly declared. *Snyder v. McEwen*, 148 Tenn. 423, 256 S.W. 434 (1923). Because our current statute includes all relationships of consanguinity and only a limited number of those by affinity, we think it inappropriate, by the use of judicial fiat, to extend the definition of the crime of incest beyond the prescribed relationships by affinity. That is a matter best left for legislative consideration.

Accordingly, the judgment of the trial court is reversed and the indictment is dismissed.

BIRCH, J., and LLOYD TATUM, Special Judge, concur.