

**FILED**

**January 30, 2018**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 8:00 A.M.**

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD
### (HEARD JANUARY 10, 2018, AT JACKSON)

| | | |
|---|---|---|
| David Thompson | ) | Docket No. 2017-05-0639 |
| | ) | |
| v. | ) | State File No. 63224-2016 |
| | ) | |
| Comcast Corporation, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Thomas L. Wyatt, Judge | ) | |

---

**Affirmed in Part, Reversed and Modified in Part, and Remanded —
Filed January 30, 2018**

---

The employee suffered injuries when he fell from a ladder at work, and the employer provided certain workers' compensation benefits. After placing the employee at maximum medical improvement, the treating physician referred the employee for pain management, which the employer declined to authorize based upon its beliefs regarding the reasonableness and necessity of the recommended treatment, its causal connection to the work injury, and the veracity of the employee's complaints. Following an expedited hearing, the trial court found the employee was entitled to the recommended treatment, and it further determined the employee could select a pain management provider of his choice to provide such treatment. The trial court additionally awarded the employee attorneys' fees due to the employer's failure to authorize the recommended treatment and referred the employer to the Bureau's Penalty Unit to investigate whether the assessment of a penalty would be appropriate. The employer has appealed, asserting substantive and evidentiary errors. The employee asserts the appeal is frivolous and asks us to assess sanctions against the employer and/or its counsel. We affirm the trial court's decision ordering the recommended treatment and determining the employee is entitled to reasonable attorneys' fees and expenses. We find the trial court's admission of unauthenticated emails between counsel for the parties to be harmless error. We reverse the trial court's decision to allow the employee to select a pain management provider without the provision of a panel. We determine that this appeal is not frivolous and deny the employee's request for sanctions, and we remand the case for further proceedings.

Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Presiding Judge Marshall L. Davidson, III, joined. Presiding Judge Marshall L. Davidson, III, filed a separate concurring opinion. Judge David F. Hensley filed a separate opinion concurring in part and dissenting in part.

W. Troy Hart and Christopher W. Sherman, Knoxville, Tennessee, for the employer-appellant, Comcast Corporation

Michael P. Fisher, Nashville, Tennessee, for the employee-appellee, David Thompson

**Factual and Procedural Background**

David Thompson ("Employee") worked as a technician for Comcast Corporation ("Employer") and was injured on August 14, 2016, when he fell four to five feet from a ladder, landing on his tailbone and right side. He complained of pain in his neck, low back, and knee. Employer did not dispute the occurrence of the accident, accepted the claim as compensable, and voluntarily provided medical and temporary disability benefits.

Employee sought medical treatment on the day of the accident at Skyline Medical Center in Nashville. The attending medical provider noted Employee reported his knee gave out while he was on a ladder and he fell four to five feet, landing on his tailbone and right side. A CT scan revealed abnormal straightening of the cervical spine. X-rays of Employee's lumbar spine were negative. The discharge report included an impression of cervical strain, and Employee was released to return to work three days later with restrictions not to engage in repetitive stooping, bending, or twisting for three days.

Employer offered Employee a panel of physicians, but the physicians were not located within Employee's community. Prior to being provided a second panel of physicians, Employee sought further treatment at the emergency department of St. Thomas Hospital West ("St. Thomas") in Nashville, complaining of low back pain radiating up to his neck and down to his right knee. The emergency department diagnoses were lumbar and cervical muscle strains and mild lumbar radiculopathy.

Employer subsequently provided Employee a panel of physicians from which he chose Dr. James Johnson to be his treating physician. He first saw Dr. Johnson on September 21, 2016, at which time Dr. Johnson noted complaints of pain and other symptoms in his neck, back, legs, and right arm. He recorded positive bilateral straight leg raise accompanied by signs of symptom magnification. He diagnosed Employee with cervical and lumbar pain and strains and ordered cervical and lumbar MRIs. The cervical MRI revealed possible spasm, but was otherwise negative. The lumbar MRI revealed degeneration of the disc spaces at L3-L5, osteoarthritis at the SI joint, and an L4-5 disc herniation with mild impingement on the right L5 nerve root. Dr. Johnson observed at Employee's September 30, 2016 appointment that the disc herniation "appears new." He diagnosed Employee with cervical and lumbar sprains and ordered physical therapy.

Employee returned to Dr. Johnson on November 18, 2016, at which time he reported his cervical complaints had resolved but his lumbar complaints had not

2

improved. He stated that an epidural steroid injection had relieved his leg complaints, but that his low back complaints were unchanged. Dr. Johnson noted a negative straight leg raise at that visit. He reiterated his previous diagnoses.

On January 9, 2017, Employee returned to Dr. Johnson with complaints of pain in his neck, right arm, back, and leg. Dr. Johnson's examination revealed positive straight leg raise on the right with signs of symptom magnification. He referred Employee to a spine surgeon for a surgical evaluation and recommended permanent restrictions consistent with the functional capacity evaluation Employee had undergone, which indicated he was able to work light duty only. Dr. Colin Crosby, the surgeon who evaluated Employee, opined he was not a surgical candidate. Dr. Johnson placed Employee at maximum medical improvement and assigned a medical impairment rating of five percent.

Employee alleged he began requesting a follow-up appointment with Dr. Johnson in February 2017, but did not return to see Dr. Johnson until May 19, 2017, when he reported ongoing pain in his neck, right arm, low back, and right leg. He also reported tingling in his shoulder blades, hand weakness, headaches with neck pain, thigh numbness, and leg weakness. Dr. Johnson observed that these symptoms were "non-focal" and that Employee reported pain in his neck, back, and knees with radiation into all his joints. Dr. Johnson went on to say that the "preevios [sic] MRIs showed only a disc bulge at L4-5 which does not account for all his [symptoms]." Upon examination, Employee had a positive straight leg raise on the right accompanied by signs of symptom magnification. Dr. Johnson reiterated his diagnoses and provided Employee a "[p]ain management referral for c-spine and l-spine."

Employer declined to provide a panel of pain management specialists, questioning whether Employee's ongoing back and neck complaints were causally related to the work injury. As a result of Employer's refusal to authorize pain management, the parties agreed to take Dr. Johnson's deposition. Thereafter, Employee sent Dr. Johnson a letter dated September 15, 2017, requesting his opinions with respect to his referral for pain management. In response to a question asking whether it was his opinion that the "back and neck injury, for which [he had] treated [Employee], arose primarily out of and in the course and scope of employment on or about August 14, 2016," Dr. Johnson responded "yes." Similarly, he responded in the affirmative to a question asking whether his referral of Employee for pain management was "reasonable and medically necessary as a result of the work injury."

During his October 16, 2017 deposition, Dr. Johnson testified that, while Employee's positive straight leg raise tests were accompanied by signs of symptom magnification, he believed the tests to be truly positive, observing that signs of symptom magnification were not necessarily proof that a patient is malingering. He opined that the MRI of the cervical and lumbar spine showed objective signs of injury (whiplash in the

cervical spine and disc herniation in the lumbar spine) consistent with the mechanism of injury and with Employee's complaints. With respect to the issues most pertinent to this appeal, Dr. Johnson opined that Employee's low back injury was causally related to the fall he sustained at work and that the recommended pain management was reasonable and necessary for treatment of that injury.

After Dr. Johnson's deposition, Employer still declined to provide a panel of pain management physicians, asserting the medical proof was equivocal, that Employee's presentation at his appointments suggested he was exaggerating the severity of his symptoms and/or malingering, and that Dr. Johnson displayed bias in favor of Employee. As a result, Employee filed a request for an expedited hearing and requested a decision on the record. However, as Employee's credibility had been called into question by Employer, the trial court determined it was appropriate to convene an in-person hearing.

Shortly before the expedited hearing, Employer offered Employee a panel of pain management physicians for a one-time evaluation to address the reasonableness and necessity of pain management for Employee's work-related injuries.[1] Employee declined to select a physician from the panel, arguing that offering the panel for a one-time evaluation was insufficient to satisfy the statutory panel requirement. Employer filed a motion to continue the expedited hearing the day before the hearing was scheduled, arguing Employee should be required to select a physician from the panel and attend an evaluation to determine whether the recommended treatment was reasonable and necessary. The trial court struck the motion because it was not filed timely.

After the expedited hearing, at which Employee was the only witness to testify in person, the trial court determined Employee was likely to prevail at a hearing on the merits in establishing he was entitled to the recommended pain management treatment. The trial court found Employer had waived its right to provide a panel of physicians and instructed it to authorize and pay for treatment obtained by Employee with a pain management physician of his choice. The trial court also found Employer had wrongfully failed to initiate benefits and, consequently, awarded reasonable attorneys' fees and expenses in an amount to be determined following the filing of a petition by Employee. Lastly, the trial court referred Employer to the Bureau of Workers' Compensation's Penalty Unit for investigation and assessment of a penalty, if appropriate. Employer has appealed.

**Standard of Review**

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise.

---

[1] Employer did not seek to schedule an evaluation with a pain management specialist pursuant to Tennessee Code Annotated section 50-6-204(d)(1), which gives employers the right to request an examination by a physician of the employer's choice "at all reasonable times."

4

*See* Tenn. Code Ann. § 50-6-239(c)(7) (2017) ("There shall be a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise."). However, we review questions of law *de novo* with no presumption of correctness. *See Am. Mining Ins. Co. v. Campbell*, No. M2015-01478-SC-R3-WC, 2016 Tenn. LEXIS 907, at \*18 (Tenn. Workers' Comp. Panel Dec. 9, 2016) ("A trial court's conclusions of law are reviewed *de novo* upon the record with no presumption of correctness."). Moreover, the interpretation and application of statutes and regulations concerns issues of law, which we review *de novo* with no presumption of correctness afforded to the trial court's findings. *See Seiber v. Reeves Logging*, 284 S.W.3d 294, 298 (Tenn. 2009); *Hadzic v. Averitt Express*, No. 2014-02-0064, 2015 TN Wrk. Comp. App Bd. LEXIS 14, at \*9 (Tenn. Workers' Comp. App. Bd. May 18, 2015).

**Analysis**

On appeal, Employer asserts the trial court erred in several respects: (1) finding Employee will likely prevail at a hearing on the merits with respect to the reasonableness and necessity of pain management treatment; (2) ordering "unrestricted" pain management; (3) allowing Employee to seek treatment with a pain management physician of his choice; (4) awarding attorneys' fees and expenses; (5) admitting certain email correspondence between the parties into evidence; and (6) referring this matter to the Bureau's Penalty Unit for investigation and possible assessment of a penalty. In his response to Employer's appeal, Employee asks that we find the appeal to be frivolous and further asserts Employer should be sanctioned pursuant to Rule 11 of the Tennessee Rules of Civil Procedure.

Upon determining this case was appropriate for oral argument, we requested the parties to file supplemental briefs addressing the following issues: (1) "[w]hether the word 'wrongfully' as used in Tennessee Code Annotated section 50-6-226(d)(1)(B) (2017) applies to the failure to initiate benefits, in addition to the denial of a claim, for purposes of awarding attorneys' fees and expenses pursuant to section 50-6-226(d)(1)"; (2) "[a]ssuming the previous question is answered in the affirmative, whether 'wrongful' requires a showing of bad faith or malice"; and (3) "[w]hether the trial court erred in making an award of attorneys' fees and expenses pursuant to Tennessee Code Annotated section 50-6-226(d)(1)(B) before the litigation has run its course." Both parties filed supplemental briefs addressing these issues.

*Standard of Review*

As an initial matter, we note that Employee's briefs cite Tennessee Code Annotated section 50-6-217(a)(3) (2016) (repealed 2017) as part of the applicable standard of review. Section 50-6-217(a)(3) authorized us to reverse or modify a trial court's decision if the rights of a party were prejudiced because the findings of the trial

judge were "not supported by evidence that is both substantial and material in light of the entire record." However, as we have previously observed, this code section was repealed effective May 9, 2017. *See Baker v. Electrolux*, No. 2017-06-0070, 2017 TN Wrk. Comp. App. Bd. LEXIS 65, at *5-6 (Tenn. Workers' Comp. App. Bd. Oct. 20, 2017); *Butler v. AAA Cooper Transportation*, No. 2016-07-0459, 2017 TN Wrk. Comp. App. Bd. LEXIS 54, at *5-6 (Tenn. Workers' Comp. App. Bd. Sept. 12, 2017); *Glasgow v. 31-W Insulation Co., Inc.*, No. 2017-05-0225, 2017 TN Wrk. Comp. App. Bd. LEXIS 51, at *11-12 (Tenn. Workers' Comp. App. Bd. Sept. 6, 2017). Consequently, as noted above, the standard we apply in reviewing the trial court's decision presumes the trial judge's factual findings are correct unless the preponderance of the evidence is otherwise. Tenn. Code Ann. § 50-6-239(c)(7).

*Admissibility of Emails*

At the expedited hearing, the trial court admitted into evidence two sets of email correspondence between counsel for the parties over Employer's objections.[2] On appeal, Employer argues the emails were inadmissible on several grounds, including relevance, hearsay, lack of authentication, and inclusion of settlement discussions.

A trial court's decision regarding the admission or exclusion of evidence is entrusted to the court's discretion and will not be disturbed on appeal unless the trial court abused its discretion. *State v. Banks*, 271 S.W.3d 90, 116 (Tenn. 2008). As the Tennessee Court of Appeals has stated:

> Generally in Tennessee, a trial court's ruling on the admissibility of evidence is within the sound discretion of the trial judge. Further, trial courts are accorded a wide degree of latitude in their determination of whether to admit or exclude evidence, even if such evidence would be relevant. A trial court's evidentiary ruling will only be overturned on appeal upon a showing of abuse of discretion.

*Green v. Smith*, No. M2006-01729-COA-R3-CV, 2008 Tenn. App. LEXIS 261, at *10 (Tenn. Ct. App. Apr. 30, 2008).

Employee asserted in response to Employer's objections that the emails supported his client's position that he began requesting a follow-up appointment with Dr. Johnson in February 2017, approximately two months before Employer acknowledged receiving such a request. Employee also relied on the email correspondence as support for his contention that Employer was aware of Dr. Johnson's referral for pain management and

---

[2] Although it overruled Employer's objections with respect to the admissibility of the emails, the trial court did allow Employer to supplement the record with additional emails if it felt the information provided by Employee was incomplete. Employer did so.

that Employee requested a panel of physicians from Employer multiple times in response to that referral.

Rule 901 of the Tennessee Rules of Evidence discusses the authentication of documentary evidence, and Rule 902 identifies certain categories of self-authenticating documents, including "public documents," "certified copies of public records," "official publications," "acknowledged documents," and "commercial paper." Neither party asserts that the emails between counsel for the parties fall within any of the categories of self-authenticating documents. Thus, authentication under Rule 901 was a prerequisite for admissibility.

In *McDougal v. Goodyear Tire & Rubber Co.*, No. W2011-02302-WC-R3-WC, 2013 Tenn. LEXIS 259 (Tenn. Workers' Comp. Panel Mar. 7, 2013), the employee sought to admit into evidence a request for benefit review conference and correspondence between counsel for the employee and a representative of the Department of Labor and Workforce Development. *Id.* at *11. The employee offered into evidence an affidavit from the Department's representative authenticating these documents, but the employer objected to the admissibility of the affidavit at trial. *Id.* at *12. In an effort to address the employer's objections, the trial court held open the proof and allowed a post-trial deposition of the Department's representative to address the authentication of these documents. *Id.* On appeal, the Special Workers' Compensation Appeals Panel concluded that the testimony obtained during the post-trial deposition of the Department's representative was sufficient to authenticate the documents pursuant to Rule 901. *Id.* at *15.

In the present case, the record is devoid of any testimony or other evidence authenticating the emails, and statements of counsel made during an argument phase of a hearing are not evidence. *See, e.g.*, *Jones v. Modine Mfg. Co.*, No. 03S01-9703-CV-00028, 1998 Tenn. LEXIS 79, at *5 (Tenn. Workers' Comp. Panel Feb. 18, 1998); *Burnette v. WestRock*, No. 2016-01-0670, 2017 TN Wrk. Comp. App. Bd. LEXIS 66, at *9-10 (Tenn. Workers' Comp. App. Bd. Oct. 31, 2017). Moreover, there was no affidavit or deposition accompanying the emails. Thus, we conclude it was an abuse of discretion for the trial court to admit the unauthenticated emails over Employer's objections. However, given that Employer admits in its brief that the emails "were not relied upon at the hearing," and given that there is ample evidence in the record supporting the trial court's relevant determinations without consideration of the emails, we conclude that the admission of the emails in question was harmless error. *See Hensley v. CSX Transp., Inc.*, 310 S.W.3d 824, 830 (Tenn. 2009) ("Our harmless error rule . . . looks at whether or not the error 'more probably than not affected the judgment.'").

Turning to the merits of this appeal, we conclude the trial court did not err in finding Employee is entitled to the recommended pain management treatment. Tennessee Code Annotated section 50-6-204(a)(1)(A) (2017) provides that "[t]he employer or the employer's agent shall furnish, free of charge to the employee, such medical and surgical treatment . . . made reasonably necessary by accident as defined in this chapter." Moreover, "[i]n the event that the treating physician refers an injured or disabled employee for pain management, the employee is entitled to a panel of qualified physicians . . . ." Tenn. Code Ann. § 50-6-204(j)(2)(A). In addition, "[a]ny treatment recommended by a physician or chiropractor selected pursuant to this subdivision (a)(3) or by referral, if applicable, shall be presumed to be medically necessary for treatment of the injured employee." Tenn. Code Ann. § 50-6-204(a)(3)(H).

Employer has repeatedly expressed its belief, both in the trial court and on appeal, that Employee is malingering or exaggerating his symptoms. It cites in support of this contention various reports and testimony of the authorized physician, Dr. Johnson. Yet, even after taking Dr. Johnson's deposition, during which Dr. Johnson reiterated his opinion that pain management treatment was reasonable and necessary to treat Employee's work-related low back injury, Employer declined to authorize the recommended treatment.

Employer has also expressed its skepticism that the back injury is causally related to the work accident and its belief that Dr. Johnson has demonstrated "treater bias" in his "overly deferential" attitude toward Employee. However, despite its strenuous arguments that this claim merits additional investigation before it should be required to provide the recommended treatment, Employer has presented no evidence to: (1) dispute the authorized physician's opinions as stated in his deposition; or (2) overcome the presumption of reasonableness and necessity accorded the authorized physician's treatment recommendations by Tennessee Code Annotated section 50-6-204(a)(3)(H).

In his deposition testimony and in his responses to Employee's written inquiry, Dr. Johnson opined that he believes the low back injury arose primarily out of the employment and that the pain management referral is reasonable and necessary to treat the low back injury. Specifically, Dr. Johnson stated that, "[b]ased on my initial evaluation, I can state for – with a reasonable degree of medical certainty that his initial lumbar spine issues and leg pain was likely secondary – more likely than not, secondary to the fall off the ladder." Dr. Johnson's opinion in this regard is entitled to a presumption of correctness, which can be rebutted by a preponderance of the evidence. *See* Tenn. Code Ann. § 50-6-102(14)(E) (2017). Aside from its own interpretation of the medical records, Employer has presented no proof, expert or otherwise, to support its contention that Employee cannot meet his burden of proof in establishing his low back injury is causally related to the work injury.

Furthermore, when questioned about his rationale for referring Employee to pain management, Dr. Johnson testified that, "based on my evaluation, I would say that, in terms of what I addressed, the primary reason for the referral for pain management was the back." He reiterated that opinion later in his deposition, stating he believed "the pain management's necessary for [Employee's] low back pain, primarily." Again, Employer has obtained no medical evaluation, records review, or any other medical proof that would rebut Dr. Johnson's opinion. Thus, we have no difficulty concluding the trial court's determination on this issue is supported by a preponderance of the evidence.

*Panel of Pain Management Physicians*

Employer next argues that, even if the trial court did not err in finding Employee is entitled to the recommended pain management treatment, it erred in requiring Employer to pay for treatment with a pain management physician of Employee's choice. On this point, we agree with Employer.

Tennessee Code Annotated section 50-6-204(j)(2)(A) requires an employer, upon receiving a referral for pain management from the authorized physician, to provide a panel of pain management specialists from which the injured worker may select a treating pain management physician. Here, the trial court concluded that, because Employer has delayed providing a panel for an unreasonable length of time, Employer waived its right to provide a panel of physicians. As support for this conclusion, the trial court relied on our decisions in *Barrett v. Lithko Contracting, Inc.*, Nos. 2015-06-0186, -0188, -0189, 2016 TN Wrk. Comp. App. Bd. LEXIS 93 (Tenn. Workers' Comp. App. Bd. Dec. 8, 2016) and *Young v. Young Electric Co.*, No. 2015-06-0860, 2016 TN Wrk. Comp. App. Bd. LEXIS 24 (Tenn. Workers' Comp. App. Bd. May 25, 2016), which established that, under certain circumstances, employers could be held responsible for reimbursing an employee for medical expenses incurred with a physician of the employee's choice and authorizing such physician for additional medical care.

However, those cases are distinguishable from the case presently before us. In both of those cases, the injured worker, after being denied medical treatment, sought medical care on his own, incurring medical expenses and establishing a doctor/patient relationship. Although the trial court determined that these distinctions were not "dispositive," we disagree. In this case, Employee did not seek unauthorized medical treatment and, thus, has not established a doctor/patient relationship with a physician. Employee, by selecting a physician from a panel provided by Employer, will not be subjected to an interruption of his care or a disruption of a relationship with a physician. Absent a compelling reason to forego the panel requirement, we conclude that Employer must comply with the provisions of Tennessee Code Annotated sections 50-6-204(a)(3)(A)(ii) and -204(j)(2)(A), both of which mandate the provision of a panel of physicians under the circumstances. Accordingly, to the extent the trial court's order allows Employee to select his own treating pain management specialist, the order is

9

reversed and modified to require Employer to provide Employee a panel of pain management specialists for selection of a treating physician.

*Attorneys' Fees*

In 2016, the General Assembly amended Tennessee Code Annotated section 50-6-226 to authorize trial courts, in certain circumstances, to award attorneys' fees and costs "[i]n addition to attorneys' fees provided for in this section." Tenn. Code Ann. § 50-6-226(d)(1) (2017). Specifically, the amended statute provides as follows:

> [T]he court of workers' compensation claims may award reasonable attorneys' fees and reasonable costs, including reasonable and necessary court reporter expenses and expert witness fees, for depositions and trials incurred when the employer:
>
> . . . .
>
> (B) Wrongfully denies a claim by filing a timely notice of denial, or fails to timely initiate any of the benefits to which the employee is entitled under this chapter, including medical benefits under § 50-6-204 or temporary or permanent benefits under § 50-6-207, if the workers' compensation judge makes a finding that such benefits were owed at an expedited hearing or compensation hearing.

Tenn. Code Ann. § 50-6-226(d)(1). In the present case, the trial court concluded that Employer "wrongfully denied [Employee's] right to pain management." In reaching that conclusion, the trial court cited a portion of section 50-6-226(d)(1) and concluded that the word "wrongfully" applies to the phrase "fails to timely initiate any of the benefits to which the employee is entitled under this chapter."

Our analysis must begin with basic principles of statutory construction. "When construing a statute, our goal is to ascertain and give effect to the legislative intent without unduly restricting or expanding a statute's coverage beyond its intended scope." *Jefferies v. McKee Foods Corp.*, 145 S.W.3d 551, 554 (Tenn. 2004) (internal quotation marks omitted). "We determine legislative intent from the natural and ordinary meaning of the statutory language within the context of the entire statute without any forced or subtle construction that would extend or limit the statute's meaning." *Brown v. Erachem Comilog, Inc.*, 231 S.W.3d 918, 921 (Tenn. 2007) (internal citation omitted). Further, Tennessee Code Annotated § 50-6-116 (2017) provides that the workers' compensation statutes "shall not be remedially or liberally construed but shall be construed fairly, impartially, and in accordance with basic principles of statutory construction[,] and this chapter shall not be construed in a manner favoring either the employee or the employer." *See Willis v. All Staff*, No. M2016-01143-SC-R3-WC, 2017 Tenn. LEXIS 455, at *11

10

(Tenn. Workers' Comp. Panel Aug. 3, 2017).  In addition, we must construe a statute "so that no part will be inoperative, superfluous, void[,] or insignificant."  *Plough v. Premier Pneumatics, Inc.*, 660 S.W.2d 495, 499 (Tenn. Ct. App. 1983).  We are required to "give effect to every word, phrase, clause[,] and sentence of the act in order to achieve the Legislature's intent" and we "must construe a statute so that no section will destroy another."  *Id.* (internal citation omitted).

Guided by these familiar rules of statutory construction, we note that section 226(d)(1)(B) describes two scenarios supporting an award of attorneys' fees and costs: "when the employer . . . [w]rongfully denies a claim by filing a timely notice of denial," or "when the employer . . . fails to timely initiate any of the benefits to which the employee is entitled under this chapter . . . ."  In the statute, these two phrases are separated by a comma and the word "or."  Thus, the plain and ordinary meaning of the statutory language, when applying basic grammatical principles, indicates that these phrases are separate and distinct, and the word "wrongfully" modifies only the first phrase ("wrongfully denies a claim by filing a timely notice of denial").  Had the General Assembly intended the word "wrongfully" to modify both phrases, it could easily have included that word twice, or it could have crafted the sentence in a way that applied that modifier to both scenarios.  *See, e.g.*, Tenn. Code Ann. § 50-6-118(a) (2017) ("The bureau of workers' compensation shall . . . establish and collect penalties for the following: . . . (13) *Wrongful failure* of an employer to pay an employee's claim for temporary total disability payments; (14) *Wrongful failure* to satisfy the terms of an approved settlement; . . . .") (emphasis added).  In this case, the General Assembly did neither.  Thus, we conclude that the word "wrongfully" modifies only the first phrase, and an employer can be held liable for reasonable attorneys' fees and costs when it "fails to timely initiate any of the benefits to which the employee is entitled under this chapter."

Given our conclusion regarding this issue, and given that the trial court in this case relied on the second scenario as the basis for its award of attorneys' fees and costs ("fail[ure] to timely initiate any of the benefits to which the employee is entitled under this chapter"), we need not resolve at this time the meaning of the word "wrongful" and whether it requires a showing of bad faith or malice or, as the trial court seemed to indicate, means something less.

As to the timing of an award of attorneys' fees at an interlocutory stage of the case, we previously addressed this issue in *Andrews v. Yates Services, LLC*, No. 2016-05-0854, 2017 TN Wrk. Comp. App. Bd. LEXIS 35, at \*6 (Tenn. Workers' Comp. App. Bd. May 23, 2017), where we concluded that the statute "does not address when during the litigation process an award of attorney's fee and expenses should be made."  We also noted as follows:

> We find no authority, and none has been suggested to us, requiring that determinations regarding attorney's fees and expenses be made at an

interlocutory stage of the case. Given the twists and turns inherent in litigation, it seems the better practice is to resolve such issues after the litigation has run its course and the parties and the court no longer face uncertainties over future developments, as opposed to adjudicating disputes concerning attorney's fees and expenses in piecemeal fashion as the case winds its way through the litigation process. . . . This is not to suggest that a determination of attorney's fees and expenses may never be proper prior to the conclusion of a case, as each case must be evaluated based on the particular circumstances presented.

*Andrews*, 2017 TN Wrk. Comp. App. Bd. LEXIS 35, at *7. In this case, we reiterate our conclusions noted in *Andrews*. The relevant statute gives a trial court the authority to award reasonable attorneys' fees and costs when certain events have occurred and "if the workers' compensation judge makes a finding that such benefits were owed at an expedited hearing or compensation hearing." Tenn. Code Ann. § 50-6-226(d)(1)(B). However, the statute does not explicitly state when, in the course of the litigation, an award of attorneys' fees and costs can be made. Given the uncertainties inherent in litigation, the limited issues typically addressed at expedited hearings, the fact that discovery and medical proof often are incomplete at an interlocutory stage of a case, the standard of proof that applies at expedited hearings, and the fact that a trial judge's determinations at an interlocutory hearing are subject to change at any time prior to the entry of a final compensation hearing order, a decision to award attorneys' fees and expenses at an interlocutory stage of a case should be made only in extremely limited circumstances.

In the present case, we conclude there are numerous factors supporting an award of reasonable attorneys' fees and costs. First, Employer chose to deny Employee's request for a panel of pain management specialists based on its own interpretation of the medical records from Dr. Johnson and despite the presumption of correctness afforded Dr. Johnson's referral as stated in Tennessee Code Annotated section 50-6-204(a)(3)(H). Second, it continued its denial of a panel even after Dr. Johnson responded to the inquiry from Employee's counsel dated September 15, 2017, which made clear that the "back and neck injury, for which [he had] treated [Employee], arose primarily out of and in the course of employment on or about August 14, 2016" and that the referral for pain management was "reasonable and medically necessary as a result of the work injury." Third, it maintained its denial of a panel even after obtaining Dr. Johnson's deposition testimony on October 16, 2017, during which Dr. Johnson reiterated the opinions expressed above. Fourth, Employer elected not to seek utilization review of the referral for pain management treatment, despite its use of utilization review for other treatment recommended by Dr. Johnson. Fifth, it chose not to present an expert medical opinion from a physician who reviewed medical records. Sixth, it elected not to seek an examination of Employee by a physician of its choice in accordance with Tennessee Code Annotated section 50-6-204(d)(1). Seventh, it did not request an independent

medical examination by a physician selected by the trial court pursuant to Tennessee Code Annotated section 50-6-204(d)(9). Instead, just before the expedited hearing, Employer offered Employee a panel of pain management specialists for a "one time evaluation" to address the medical necessity of pain management treatment, which is not authorized by any statute.

In short, over the course of approximately five months, Employer declined to offer Employee a panel of pain management specialists as recommended by the authorized treating physician based solely on its own interpretation of the medical records and without seeking an expert medical opinion to support its denial. We have previously noted that judges are not well-suited to make independent medical determinations without expert medical proof supporting such a determination. *See Scott v. Integrity Staffing Solutions*, No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at \*8 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015). Likewise, parties and their lawyers cannot rely on their own medical interpretations of the evidence to successfully support their arguments, and they face significant risks if they choose to do so.

As such, we conclude that this case exemplifies one of the extremely limited set of circumstances where an award of reasonable attorneys' fees and costs is appropriate at an interlocutory stage of the case. Regardless of the ultimate resolution of the case, Employee's entitlement to a panel of pain management specialists as recommended by the authorized treating physician, and Employer's five-month refusal to offer such a panel, will not change. Moreover, the work Employee's attorney undertook to secure that panel will not change. Had Employer taken one or more of the actions described above to support its denial of a panel, such action or actions may have mitigated against an award of attorneys' fees and costs at this interlocutory stage of the case.[3]

Therefore, we conclude the trial court did not abuse its discretion in awarding reasonable attorneys' fees and costs and we affirm that aspect of the trial court's order. We note the trial court did not award any certain amounts and directed Employee's counsel to file a petition seeking "a reasonable fee and reimbursement of reasonable expenses in this matter." Thus, we need not address any issues regarding the extent or nature of the fees and expenses that can be awarded at this time.[4]

---

[3] By enumerating the circumstances of this case supporting an interlocutory award of reasonable attorneys' fees and costs, we do not intend to suggest that such factors represent a comprehensive list of circumstances to be considered in every case. As stated previously, such a determination is fact dependent, and each case must be considered on its own merits.

[4] We note that the statute authorizes a trial court to award "reasonable attorneys' fees and reasonable costs, including reasonable and necessary court reporter expenses and expert witness fees, *for depositions and trials . . . .*" Tenn. Code Ann. § 50-6-226(d)(1) (emphasis added). Neither of the parties has raised as an issue the meaning of this language and the trial court was not asked to address it. Because the trial court has yet to award any specific fees or expenses in this case, we need not consider the interpretation of this language at this time.

## F. Referral to the Penalty Unit

Employer asserts that the trial court erred in referring this matter to the Bureau's Penalty Unit for investigation. However, this is not an issue that is reviewable by us on appeal. The trial court did not order the payment of a penalty; it merely referred the case to the Penalty Unit as authorized by Tenn. Comp. R. & Regs. 0800-02-24-.03 (2015). Neither the trial judge nor we have any role in the Penalty Unit's investigation or its determination. Thus, the trial court has made no findings of fact or conclusions of law on this issue subject to appellate review, and we have no authority to address this issue.

## G. Frivolous Appeal and Request for Rule 11 Sanctions

Employee asks that we find Employer's appeal to be frivolous and that sanctions be awarded pursuant to Rule 11 of the Tennessee Rules of Civil Procedure. As we have noted in prior cases, a frivolous appeal is one that has "no realistic chance of success." *Yarbrough v. Protective Servs. Co., Inc.*, No. 2015-08-0574, 2016 TN Wrk. Comp. App. Bd. LEXIS 3, at *11 (Tenn. Workers' Comp. App. Bd. Jan. 25, 2016). We do not find this appeal to be frivolous. Indeed, Employer succeeded with respect to two of the issues raised in this appeal. Moreover, although we may award attorneys' fees and costs for a frivolous appeal pursuant to Tenn. Comp. R. & Regs. 0800-02-22-.04(6) (2015), we have no authority to order sanctions pursuant to Rule 11 of the Tennessee Rules of Civil Procedure. *See, e.g.*, *Hood v. Roadtec, Inc.*, C.A. No. 18, 1989 Tenn. App. LEXIS 562, at *3 (Tenn. Ct. App. 1989) ("Rule 11 does not apply to the appellate court[s]."). In short, we do not find this appeal to be frivolous, and we deny Employee's request for Rule 11 sanctions as outside the scope of our authority.

## Conclusion

Based on the foregoing, we affirm the trial court's determination that Employee is entitled to authorization of pain management treatment pursuant to Tennessee Code Annotated section 50-6-204. We reverse the trial court's order to the extent it allows Employee to select his own pain management physician and instead modify the order to require Employer to provide a panel of pain management specialists pursuant to Tennessee Code Annotated sections 50-6-204(a)(3)(A)(i) and -204(j)(2). We affirm the trial court's order for reasonable attorneys' fees and reasonable costs without addressing the amount or nature of such awardable fees and costs. We find the trial court's admission of unauthenticated emails between counsel for the parties to be harmless error. We decline to address the trial court's referral of this case to the Bureau's Penalty Unit and Employee's request for Rule 11 sanctions as outside the scope of our review authority, and we find that this appeal is not frivolous. This case is remanded to the trial court for further proceedings as may be necessary.

14



FILED

January 30, 2018

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 8:00 A.M.

**TENNESSEE BUREAU OF WORKERS' COMPENSATION**
**WORKERS' COMPENSATION APPEALS BOARD**
**(HEARD JANUARY 10, 2018, AT JACKSON)**

| | |
|---|---|
| David Thompson | ) Docket No.   2017-05-0639 |
| | ) |
| v. | ) State File No. 63224-2016 |
| | ) |
| Comcast Corporation, et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Thomas L. Wyatt, Judge | ) |

---

**Concurring Opinion – Filed January 30, 2018**

---

Marshall L. Davidson, III, Presiding Judge, concurring.

I agree with the lead opinion's analysis of the issues presented in this important appeal.  I write separately to address the trial court's interpretation and parties' arguments concerning the meaning of "wrongfully" as that term is used in Tennessee Code Annotated section 50-6-226(d)(1)(B) (2017).

The statute provides that a trial court "may award reasonable attorneys' fees and reasonable costs . . . when the employer . . . *[w]rongfully* denies a claim by filing a timely notice of denial, or fails to timely initiate any of the benefits to which the employee is entitled."  Tenn. Code Ann. § 50-6-226(d)(1)(B) (emphasis added).  Not surprisingly, the parties have markedly different interpretations of this language, about which several observations may fairly be made.

First, the statute does not define "wrongfully."  Accordingly, courts must ascribe a meaning to that term from among plausible, competing definitions.  While courts are routinely called upon to interpret and apply unclear language from statutes and other sources, and are guided by familiar rules of statutory construction when doing so, the end result may or may not be what the drafters of the legislation actually intended.

Second, faced with an undefined threshold for awarding attorney's fees and costs, employees and employers alike must litigate the issue, in this case and in others, adding expense and delay to what is supposed to be an expeditious resolution of workers'

1

compensation disputes. *See* Tenn. Code Ann. § 4-3-1409(b)(2)(A) (2017). This case is a prime example. The employee was injured in August 2016. Nearly a year and a half later, the case is making its way through an *expedited* process, litigating peripheral issues at that, and with no end in sight. Indeed, the nature and amount of attorney's fees and costs has yet to even be presented to the trial court, much less determined by the trial court. Yet, the case has already been appealed, is now being returned to the trial court and, presumably, more issues will be litigated, with the possibility for more appeals and more remands.

Resolving litigation in piecemeal fashion delays a final resolution of the case, rarely serves the interests of judicial economy, adds costs for all concerned, and deprives workers and businesses alike of much needed finality and the ability to move on. Thus, absent highly unusual circumstances, a case should be permitted to largely run its course, unencumbered by uncertainties over future developments and the twists and turns inherent in litigation, before an award of attorney's fees and costs is made. This is not to suggest, however, that a party may not make such a request before that time assuming, of course, there is a factual and legal basis supporting it.

Third, as the parties in this case have aptly argued, the term "wrongfully" is itself susceptible to more than one plain and ordinary meaning. *See Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 526 (Tenn. 2010) ("courts must always begin with the words that the General Assembly has chosen . . . [and] must give these words their natural and ordinary meaning). For example, Black's Law Dictionary defines "wrongful" variously as "[c]haracterized by unfairness or injustice," "[c]ontrary to law," "unlawful," and "not entitled to the position occupied." Black's Law Dictionary (10th ed. 2014). The phrase "wrongful denial" is defined as "[t]he improper or erroneous refusal to recognize something that is valid." *Id.* Furthermore, "erroneous" is defined as "[i]ncorrect; inconsistent with the law or facts," and "improper" means "[i]ncorrect; unsuitable or irregular" or "[f]raudulent or otherwise wrongful." *Id.* The wide array of alternative meanings is striking, as is the circular nature of the definitions.

The cases likewise support significantly different interpretations of wrongful, albeit in different contexts. For example, in one case, the Tennessee Court of Appeals addressed what it means to wrongfully restrain or enjoin a party for purposes of awarding damages in the context of injunctive relief. *Wright Med. Tech. v. Grisoni*, 135 S.W.3d 561 (Tenn. Ct. App. 2001). The court held that, in light of the purpose of the rule providing a mechanism for reimbursing a wrongfully enjoined party, damages could be awarded without showing "any degree of fault." *Id.* at 594. Thus, wrongful was construed to mean incorrect, i.e., "when it turns out the party enjoined had the right all along to do what it was enjoined from doing." *Id.*

This view of wrongful, which was adopted by the trial court in the present case and is being urged upon us by the employee, finds support in other jurisdictions. For

instance, the Connecticut Supreme Court has determined that "wrongful is not synonymous with bad faith conduct. Rather, wrongful means simply that the act is performed without the legal right to do so." *Ulbrich v. Groth*, 78 A.3d 76, 129 (Conn. 2013) (citation omitted). Likewise, courts in Colorado have found that wrongful does not include deliberate intent or bad faith. *See Peterman v. State Farm. Mut. Ins. Co.*, 8 P.3d 549, 551 (Colo. Ct. App. 2000) (overruled in part on other grounds). Instead, "a wrongful withholding only requires the failure to pay or deliver money or property when there is an obligation to do so." *Id.*

Other courts have taken a different approach. The Mississippi Supreme Court, for example, has appeared to accept an interpretation of wrongful to mean negligent, careless, reckless, willful, and/or hazardous. *See Taylor v. United States Fidelity & Guaranty Co.*, 420 So.2d 564, 564 (Miss. 1982); s*ee also Southern Farm Bureau Casualty Ins. Co. v. Holland*, 469 So.2d 55, 59 (Miss. 1984) (Walker, J., dissenting). In at least one other case, wrongful was construed to require some element of intent in order to find that a party's behavior was wrongful. *See In the Matter of Roger J. Wright d/b/a Agricultural Marketing Service, et al.*, No. 97-2, 2003 CFTC LEXIS 24, at *78 (Commodity Futures Trading Comm'n Feb. 25, 2003). Specifically, wrongful was interpreted to mean "illegal, injurious, heedless, unjust, reckless or unfair." *Id.*

As this discussion illustrates, wrongful may be construed to have meanings ranging from a mere mistake or inadvertence to unreasonableness or lack of good cause to bad faith or even malice. The employer in this case argues that equating wrongful with incorrect could result in inadvertent or innocent errors being met with an award of attorney's fees and costs. On the other hand, the employee points out that, had the General Assembly intended wrongful to be synonymous with bad faith or some other culpable standard, it could have used words to that effect, which it has done in other workers' compensation statutes. *See, e.g.*, Tenn. Code Ann. § 50-6-118(a) (2017) ("The bureau of workers' compensation shall . . . establish and collect penalties for . . . [b]ad faith denial of claims [and] . . . [f]ailure of any party to appear or to mediate in good faith.").

Although "wrongfully," as used in section 50-6-226(d)(1)(B), may be subject to different interpretations, one point is clear: given the way the statute is currently written, it was unnecessary for the trial court to apply *any* definition of wrongful to resolve the attorney's fees and costs issue in this case.

3

**FILED**

**January 30, 2018**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 8:00 A.M.**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD
## (HEARD JANUARY 10, 2018, AT JACKSON)

| | | |
|---|---|---|
| David Thompson | ) | Docket No. 2017-05-0639 |
| | ) | |
| v. | ) | State File No. 63224-2016 |
| | ) | |
| Comcast Corporation, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Thomas L. Wyatt, Judge | ) | |

---

### Opinion Concurring in Part and
### Dissenting in Part-Filed January 30, 2018

---

David F. Hensley, J., concurring in part and dissenting in part.

I disagree with the majority's affirmance of the award of attorneys' fees and costs. In all other respects, I concur in the majority's opinion. The majority presumes that the Court of Workers' Compensation Claims has the authority to award attorneys' fees and costs at an expedited hearing. In my opinion it does not, and, for that reason, I respectfully dissent.

I agree Tennessee Code Annotated section 50-6-226(d)(1)(B) (2017) authorizes a judge to award attorneys' fees and costs based upon a finding that either of the scenarios described in the statute are applicable, and the requisite finding may be made at either an expedited hearing or compensation hearing. Indeed, the statute clearly says so. However, to be clear, I maintain that, although a workers' compensation judge may properly make a finding at an expedited hearing that an employer failed to provide benefits in violation of section 50-6-226(d)(1)(B), any award of attorneys' fees or costs based on such finding must await a final hearing on the merits of the case.

The majority opinion does not address the precise issue beyond stating "[t]he relevant statute gives a trial court the authority to award reasonable attorneys' fees and

1

costs *when certain events have occurred*."[1] (Emphasis added.) The "relevant statute" cited by the majority is section 50-6-226(d)(1)(B) rather than the statute identifying the issues that may be addressed at an expedited hearing, which is section 50-6-239(d)(1) (2017). In my view, awarding attorneys' fees and costs prior to a trial on the merits is such a departure from the pre-2013 Reform Act statutes addressing attorneys' fees as to require a clearly expressed legislative intent to do so. The statutes in question contain no such clear intent, or, I would posit, any indication of the legislature's intent at all. The legislative history of section 50-6-226(d)(1)(B) is entirely silent as to the proper timing of an award of attorneys' fees. We have previously made this observation, and the majority quotes from that very opinion. *See Andrews v. Yates Servs., LLC*., No. 2016-05-0854, 2017 TN Wrk. Comp. App. Bd. LEXIS 35, at *6 (Tenn. Workers' Comp. App. Bd. May 23, 2017) ("[Section 50-6-226(d)(1)(B)] does not address when during the litigation process an award of attorney's fees and expenses should be made."). Indeed, the majority acknowledges "the statute does not explicitly state when, in the course of the litigation, an award of attorneys' fees and costs *can* be made." (Emphasis added.) Although I agree there are numerous factors supporting an award of attorneys' fees and costs in this case as determined by the trial judge and addressed by the majority, I do not find authority in the statutes for a workers' compensation judge to order an employer to pay such fees and costs at the expedited hearing stage of litigation.

Tennessee Code Annotated Section 50-6-239(d) provides the procedure whereby a trial judge may hear disputes on an expedited basis. However, the types of disputes that may be heard are statutorily limited and do not include disputes concerning issues of attorneys' fees and costs. The initial requirement for an expedited hearing is that a dispute certification notice be issued by a workers' compensation mediator. Tenn. Code Ann. § 50-6-239(d)(1). Once that initial requirement is met, the statute provides that

---

[1] I do not interpret "when," as appears in section 50-6-226(d)(1), to expand the authority of a trial judge to hear disputed issues concerning attorneys' fees in an expedited hearing. Rather, I interpret "when" to refer to the circumstances described in subsections 50-6-226(d)(1)(A) and (B) for which additional attorneys' fees may be awarded. The term "when" has been present in section 50-6-226(d) since passage of the Workers' Compensation Reform Act of 2013 and became effective simultaneously with section 50-6-239(d), which identifies the issues a trial judge can hear on an expedited basis. Accordingly, any interpretation of these statutes must presume that the legislature was cognizant of the issues that could be addressed in expedited hearings when describing the circumstances for which additional attorneys' fees could be awarded in section 50-6-226(d). *See Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 527 (Tenn. 2010). Section 50-6-226(d) was amended in 2016 to add the additional circumstances described in subsection 50-6-226(d)(1)(B), for which a trial judge is authorized to award attorneys' fees, and to modify the provision included in the Reform Act, now designated as subsection 50-6-226(d)(1)(A), to extend a trial judge's authority to award attorneys' fees for an employer's failure to furnish appropriate care or treatment that is provided in a settlement or judgment to include benefits provided in expedited hearing orders and compensation orders. *See* Code Comments for 2016 amendments. "[N]ew statutes change pre-existing law only to the extent expressly declared." *State v. Dodd*, 871 S.W.2d 496, 497 (Tenn. Crim. App. 1993); *see also In re Deskins' Estates*, 381 S.W.2d 921, 922 (Tenn. 1964). Nothing in the 2016 amendments expressly declares or even suggests any intent to expand the issues for which a trial judge may conduct an expedited hearing beyond those identified in section 50-6-239(d)(1).

2

"[u]pon motion of either party . . ., a workers' compensation judge may, at the judge's discretion, hear disputes over issues provided in the dispute certification notice *concerning the provision of temporary disability or medical benefits*."[2]  *Id.* (emphasis added).  There is no ambiguity in this statute.  Section 50-6-239(d) does not authorize a trial judge to hear disputes on an expedited basis concerning attorneys' fees and costs.  If the expressed statutory limitation on the issues that may be heard in an expedited hearing is not binding, the same reasoning could apply to avoid any of the provisions of section 50-6-239(d)(1) concerning the expedited hearing process.  A court's primary task in construing statutes "is to carry out legislative intent without broadening or restricting the statute beyond its intended scope."  *Lind v. Beaman Dodge, Inc.*, 356 S.W.3d 889, 895 (Tenn. 2011).  To interpret section 50-6-239(d) to extend the authority of a trial judge to award attorneys' fees at an expedited hearing broadens the statute beyond a plain reading of the statute and beyond its intended scope.

Moreover, the regulations adopted by the Bureau of Workers' Compensation further evidence that the disputes intended to be addressed at expedited hearings are limited to those concerning the provision of temporary disability and medical benefits.  "Expedited Hearing" is defined as "[a] hearing conducted pursuant to these rules *to determine the provision of temporary disability and/or medical benefits* prior to a hearing that results in a compensation order."  Tenn. Comp. R. & Regs. 0800-02-21-.02(13) (2016) (emphasis added).  "Interlocutory Order" is defined in a like manner, providing that "[a]n interlocutory order is an order by a workers' compensation judge that awards or denies *temporary disability or medical benefits* . . . ."  Tenn. Comp. R. & Regs. 0800-02-21-.02(15) (emphasis added.)  Consistent with section 50-6-239(d), the Bureau's regulations are silent as to any consideration of issues concerning an award of attorneys' fees and costs at an expedited hearing.

Furthermore, section 50-6-239(d) authorizes a trial judge to award *temporary disability or medical benefits* if the judge determines "that the injured employee would likely prevail at a hearing on the merits."  The Appeals Board has consistently described this burden of proof as a "lesser evidentiary standard" than the preponderance of the evidence.  *Helgerson v. Packer Sanitation Servs., Inc.*, No. 2014-03-0023, 2015 TN Wrk. Comp. App. Bd. LEXIS 38, at *10-11 (Tenn. Workers' Comp. App. Bd. Sept. 23, 2015) (quoting *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-10 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015)); *Lallo v. Marion Environmental, Inc.*, No. 2015-06-0287, 2015 TN Wrk. Comp. App. Bd. LEXIS 32, at *6-7 (Tenn. Workers' Comp. App. Bd. Sept. 4, 2015).  This standard is similar to the standard adopted by the Tennessee Supreme Court in 2003 in *McCall v.*

---

[2] No issue was raised in the trial court or on appeal concerning the absence from the dispute certification notice of any disputed issue concerning attorneys' fees and costs.  The record does not include a request for an award of attorneys' fees and costs prior to the expedited hearing.  The trial court noted in its expedited hearing order that "[d]uring the hearing" the employee "urged the Court . . . to require [the employer] to pay reasonable attorney's fees for the time spent litigating his right to pain management."

*National Health Corporation*, 100 S.W.3d 209 (Tenn. 2003), wherein the Court held that a trial court had the authority to order an employer to initiate workers' compensation benefits prior to a trial on the merits and without a full evidentiary hearing. Section 50-6-239(d)(2) likewise authorizes a trial judge to issue "an interlocutory order for temporary disability or medical benefits" without holding a full evidentiary hearing. Tenn. Code Ann. § 50-6-239(d)(2).

Addressing the standard of proof applicable at an expedited hearing in *McCord*, we explained that "the delays inherent in a contrary rule would be inconsistent with a fair, expeditious, and efficient workers' compensation system." *McCord*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9-10. In my opinion, the majority ignores this reasoning in the instant case, which effectively requires an employer to offer its full measure of evidence at an expedited hearing to avoid a possible award of attorneys' fees, albeit whether a full evidentiary hearing is available to the employer to offer such evidence lies within the discretion of the trial judge. It is my belief that the expedited hearing process, having its own "lesser evidentiary standard" of proof, simply was not intended to address issues beyond those expressly identified in the statute, that is, issues concerning the provision of temporary disability and medical benefits. The rationale that "either party may present additional evidence at the final compensation hearing and ask the trial court to reverse or modify the interlocutory order," *McCord*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *10, provides little solace to an employer who must decide the measure of proof to submit at the expedited hearing or who is required to pay attorneys' fees prior to the final adjudication of the merits of a case.

In the instant case, it is unclear what standard of proof the trial court applied in deciding to award the employee "attorney's fees to compensate his counsel." The trial court found the employee would likely prevail at trial in establishing he is entitled to receive the recommended pain management, which the trial court said "invokes the Court's authority to award attorney's fees and costs." The majority notes the "preponderance of the evidence" standard applicable in reviewing a trial court's decision provided in Tennessee Code Annotated section 50-6-239(c)(7), but affirms the trial court's award of attorneys' fees and costs based upon determining "the trial court did not abuse its discretion in awarding reasonable attorneys' fees and costs." An abuse of discretion is the standard generally applicable to a trial court's discretionary decision to award attorneys' fees. *See Madden Phillips Constr., Inc. v. GGAT Dev. Corp.*, 315 S.W.3d 800, 827 (Tenn. Ct. App. 2009), perm app. denied (Tenn. Mar. 15, 2010). However, it differs significantly from the standard of proof mandated in section 50-6-239(d)(1) for expedited hearings and, on appeal, "envisions a less rigorous review of the lower court's decision and a decreased likelihood that the decision will be reversed on appeal." *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010).

I am cognizant of the fact that, generally, there are fewer incentives for an attorney to represent an injured worker pursuing a claim under the Workers' Compensation

4

Reform Act of 2013 than prior to the reforms. I am not unmindful of the benefits of a policy to facilitate and encourage attorneys to undertake the representation of injured workers. Indeed, such a policy promotes and adheres to the workers' compensation act's purpose of securing benefits to those workers who fall within its coverage. However, irrespective of the potential benefits of authorizing a trial judge to award attorneys' fees and costs at the expedited hearing stage of litigation, in my opinion, it is not the role of the trial judges or the Appeals Board to do so absent the legislature's clear direction or expression of its intent that trial judges have such authority.

In short, the workers' compensation laws are a creature of the legislature, and expanding the authority of a workers' compensation judge to award attorneys' fees and costs at the expedited hearing stage of litigation must come from the legislature. In my opinion, the trial judge exceeded the discretion provided in section 50-6-226(d)(1) by awarding attorneys' fees and costs in the expedited hearing. Accordingly, I would reverse the award of attorneys' fees and costs.

**FILED**

**January 30, 2018**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 8:00 A.M.**



**TENNESSEE BUREAU OF WORKERS' COMPENSATION
WORKERS' COMPENSATION APPEALS BOARD**

| | | |
|---|---|---|
| David Thompson | ) | Docket No.   2017-05-0639 |
| | ) | |
| v. | ) | State File No.  63224-2016 |
| | ) | |
| Comcast Corporation, et al. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 30th day of January, 2018.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| **Michael P. Fisher** | | | | | X | mfisher@ddzlaw.com |
| **W. Troy Hart** | | | | | X | wth@mijs.com; cwsherman@mijs.com |
| **Thomas L. Wyatt, Judge** | | | | | X | Via Electronic Mail |
| **Kenneth M. Switzer, Chief Judge** | | | | | X | Via Electronic Mail |
| **Penny Shrum, Clerk, Court of Workers' Compensation Claims** | | | | | X | Penny.Patterson-Shrum@tn.gov |

Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov